IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STACI DOUGLASS,<br><br>        Plaintiff,<br><br>vs.<br><br>MANOR OF LINCOLN, INC.; MANOR OF LINCOLN, INC. d/b/a SOUTHLAKE VILLAGE REHABILITATION & CARE CENTER,<br><br>        Defendants. | Case No. 4:13-cv-03039<br><br>**PROTECTIVE ORDER** |

THIS MATTER came before the Court upon the parties' Joint Motion and Stipulation for Protective Order, and the Court, being fully advised in the premises, finds that:

A.   Certain documents and other information sought to be discovered and used by the parties in this action contain information that is protected health information under the Health Insurance Portability and Accountability Act ("HIPAA") or otherwise confidential and/or sensitive to the business of Defendants, to Plaintiff, or to persons who are not parties to this action; and

B.   Such documents and other things should be protected from disclosure as set forth herein.

NOW THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1.   As used herein:

(a)   "Document" shall mean any written, printed, typed, graphic, electronically stored or otherwise recorded matter of any kind, however produced or reproduced, including but not limited to:

(i)   all originals, nonidentical copies, intermediate drafts and revisions, of any medical records, written notes, working papers, correspondence, memoranda, telegrams, telexes, telecopies, cables, reports, records, books, photographs, journals, pamphlets, circulars, notebooks, calendars, diaries, working papers, records of telephone conversations or meetings, agreements, consultant's reports, studies, guidelines, instructions, interoffice or intraoffice communications, job assignments, lists, manuals, opinions, directories, charts, tabulations, graphs, indexes, catalogs, tables, inventories, data sheets, computer cards, runs and printouts, schedules, notices, files, sound or visual recordings, tapes, films or graphic matter, and anything similar to any of the foregoing, however denominated; and

(ii)   affidavits, interrogatories, answers to interrogatories or other litigation materials.

(b)   "Furnish" shall mean to provide or deliver a document or produce it, for inspection or review, to any other person or persons, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether or not in accordance with the Federal Rules of Civil Procedure and the Civil Rules of the United States District Court for the District of Nebraska.

(c)   "Disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate information to any other person or persons, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether or not in accordance with the Federal Rules of Civil Procedure and the Civil Rules of the United States District Court for the District of Nebraska.

(d)   Person" shall mean any individual; corporation; partnership; association; unincorporated organization; city, state or federal government or agency employee; or any other entity, including, without limitation, each Party to this action;

(e)     "Party" shall mean any named plaintiff or defendant in this case;

(f)     "Parties" shall mean all named plaintiffs and defendants in this case; and

(g)     "Attorney" includes all partners, associates, paralegals, and other employees of the attorney's law firm.

2.     This Order shall be applicable to and govern all documents that may be furnished and all information that may be disclosed in connection with this litigation to any Party by any other person, except any document or information in the public domain.

3.     No Party shall furnish to any other person any document or disclose any information designated confidential pursuant to this Order except as provided herein.

4.     Any Party furnishing one or more written documents may designate all, or any part thereof, as subject to and governed by the terms of this Order by advising counsel for all other parties, in writing, of the confidentiality thereof. Before being furnished by a Party to any other Party, any document may, but need not, be prominently marked with the following legend: "Confidential." The failure to so mark a document shall not affect its confidential status or constitute a waiver of a Party's right to designate such document as confidential. Only the first page of a particular grouping of documents, or series of pages, needs to be marked with this legend.

5.     If a document or information is produced during the course of this litigation by a Party or non-Party, by subpoena or otherwise, that contains protected health information under HIPAA, the Parties shall treat such documents or information as confidential, regardless of whether the label "Confidential" has been utilized with respect to the document or information containing the protected health information under HIPAA.

6.     Except as specifically provided for herein, any Party or attorney for a Party who receives any document or information designated confidential pursuant to this Order shall not disclose the same to any person other than the Court and experts who have been retained by said receiving attorney and only then after such expert executes

a "Confidentiality Undertaking" precisely in the form attached hereto as Exhibit "A." The receiving attorney shall have the ultimate responsibility for restricting disclosure in accordance with the provisions of this Order.

7. No person to whom a document or information designated confidential pursuant to this Order is furnished or disclosed shall copy or otherwise use the document or information for any purpose whatsoever, except in connection with pre-trial proceedings, preparation for trial, or other proceedings associated with this litigation.

8. Any Party or attorney for a Party furnishing documents or disclosing information pursuant to the terms of this Order shall not waive the confidentiality thereof.

9. Any document designated as confidential may be used to examine or cross-examine any witness at any hearing, deposition, or trial in this action. However, to the extent that any other person is present at such hearing, deposition, trial, or other legal proceeding and is not a person to whom the designated confidential document or information may be disclosed, and subject to any agreement or Court order otherwise, there shall be no disclosure of the designated confidential information or document unless and until all such persons are excluded from the proceeding during the disclosure or use of the material. Every court reporter taking any testimony relating to designated confidential documents or information shall be informed of and provided with a copy of this Order and shall adhere to the provisions hereof.

10. Should a document designated confidential pursuant to this Order be utilized in connection with any document filed with the Court, or be utilized at any deposition, hearing or trial, or should information governed by this Order be disclosed in an affidavit, discovery answer or in connection with any document filed with the Court, or in the transcript of any deposition, hearing or trial, the exhibit, affidavit, discovery answer, or other document or transcript filed with the Court must be filed in a sealed envelope or other sealed container marked with the title of the litigation, identifying each enclosed document and thing and bear a statement precisely in the following form:

"CONFIDENTIAL"

"By Order of the United States District Court for the District of Nebraska dated _____, 2013, this envelope is not to be opened, and its contents are not to be displayed or revealed to any person, other than the presiding Judge(s), the parties, or their attorneys, in this matter."

Transcripts of depositions covered by this Order shall be filed under seal in the manner described above.

11. Any Party may, at any time, request in writing from the designating Party a revocation of any confidential designation. Within seven (7) days from such request, the Party to whom such request is addressed must reply in writing. Upon a failure to reach an agreement, the Party making the request must continue to treat such designated material in a manner consistent with the terms of this Order; however, such Party may file a motion for an order challenging the confidential designation.

12. The Court may at any time examine and review *in camera* any document governed by this Order.

13. At the conclusion of all proceedings in this litigation, all documents governed by the terms of this Order (and all copies of such documents) shall be returned, from any person in possession thereof, to the person who furnished the documents. The obligations of this Order shall not terminate upon the conclusion of this action, but shall continue until further order of this Court or until the person claiming confidentiality has waived the same in writing.

14. This Order shall in no way affect or impair the right of any Party or non-Party to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information, and to the use or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order.

15.	This Order shall not be construed as preventing any person from making use of or disclosing any documents or information which were lawfully in possession of that person prior to the date of this Order.

Dated this 15th Day of June, 2013.

BY THE COURT:

_____

| Prepared and submitted by: | Stipulated and approved as to form and content by: |
|---|---|
| Robert L. Lepp, #15711<br>Mary L. Hewitt, #19826<br>Mathew T. Watson, #23468<br>McGill, Gotsdiner,<br> Workman & Lepp, P.C., L.L.O.<br>11404 West Dodge Road, Suite 500<br>Omaha, NE  68154-2584<br>402-492-9200<br>402-492-9222 (Facsimile)<br>mathewwatson@mgwl.com<br>maryhewitt@mgwl.com<br>boblepp@mgwl.com<br>ATTORNEYS FOR DEFENDANTS | Kathleen M. Neary, #20212<br>Vincent M. Powers & Associates<br>411 South 13th Street, Suite 300<br>Lincoln, NE 68508<br>402-474-9000<br>402-474-5006 (Facsimile)<br>kathleen@vpowerslaw.com<br>ATTORNEY FOR PLAINTIFF |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STACI DOUGLASS,<br><br>                Plaintiff,<br><br>  vs.<br><br>MANOR OF LINCOLN, INC.; MANOR OF LINCOLN, INC. d/b/a SOUTHLAKE VILLAGE REHABILITATION & CARE CENTER,<br><br>                Defendants. | Case No. 4:13-cv-03039<br><br>**CONFIDENTIALITY UNDERTAKING** |

I, _____ [name], declare:

     1.    I am employed as _____ by _____.

     2.    I have reviewed and understand the terms of the Protective Order that has been entered in this action.

     3.    I agree not to disclose confidential information to persons not authorized by the Protective Order to receive such information.

     4.    I agree to abide by the terms of the Protective Order and I hereby submit to the jurisdiction of the United States District Court for the District of Nebraska, for the limited purpose of any proceeding to enforce the terms of the Protective Order.

     5.    I declare under penalty of perjury that the foregoing is true and correct and that this declaration is voluntarily executed by me at _____ on _____, 201_.

                                                                                                                              _____

**EXHIBIT "A"**